UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
DELTRIN KIMBRO,                 :         CASE NO. 1:05CV2012
                                                :
            Petitioner,             :
                                                :
vs.                                         :         ORDER AND OPINION
                                                :         [Resolving Doc. Nos. 1, 3, 14]
CHRISTINE MONEY,             :
                                                :
            Respondent.         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Magistrate Judge's Report and Recommendation [Doc. 14] on Deltrin Kimbro's Petition for Writ of Habeas Corpus and motion for a subpoena requiring the respondent to produce laboratory reports. [Docs. 1, 3]. Respondent Christine Money and the State of Ohio filed a Return of Writ. [Docs. 10, 11]. Petitioner Kimbro filed a Traverse. [Doc. 13]. The Court referred Kimbro's petition and motion to Magistrate Judge Patricia Hemann for a Report and Recommendation pursuant to LR 72.2. [Doc. 7]. After conducting a thorough analysis of the parties' filings, on February 15, 2006, Magistrate Judge Hemann recommended that this Court deny Kimbro's petition and motion for subpoena. [Doc. 14]. The Court granted Petitioner Kimbro an extension of time to March 16, 2006, to file an objection to the Report and Recommendation. [Doc. 17]. That deadline having passed, neither party objects to the Magistrate Judge's recommendation.

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1). Having

-1-

Case No. 1:05CV2012
Gwin, J.

conducted its own review of the parties' briefs on the issue, this Court agrees with the conclusions of the Magistrate Judge, and adopts the Report and Recommendation as its own. The Court emphasizes that the petitioner's knowing and voluntary guilty plea in his criminal proceeding effectively precludes his other challenges to his conviction. *See United States v. Broce*, 488 U.S. 563, 570 (1989) (knowing and voluntary guilty plea forecloses collateral challenge to conviction). This fact alone provides a sufficient basis to deny Petitioner Kimbro's petition.

The Court adopts Magistrate Judge Hemann's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court DENIES Petitioner Kimbro's Petition for Writ of Habeas Corpus and motion for subpoena.

## Conclusion

For the reasons discussed above, the Court **DENIES** Petitioner Kimbro's Petition for Writ of Habeas Corpus and motion for subpoena. [Doc. 1, 3].

IT IS SO ORDERED.

Dated: March 22, 2006                    s/     *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE